IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DWELL AT THE VIEW,
58 PLACE, LLC,

                Plaintiff,

v.                                1:14-cv-2010-WSD

CYNTHIA WILDER,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant Cynthia Wilder's ("Defendant" or "Wilder") Application to Proceed *In Forma Pauperis* ("IFP Application") [1] and her Notice of Removal [1.1].

## I. BACKGROUND

On June 3, 2014, Plaintiff Dwell at the View, 58 Place, LLC ("Plaintiff" or "Dwell at the View") initiated a dispossessory proceeding ("Complaint") against Defendant in the Magistrate Court of Fulton County, Georgia.[1] (Notice of Removal at 10). The Complaint seeks possession of premises currently occupied by Defendant.

---

[1]     No. 14ED009869.

On June 26, 2014, Defendant, proceeding *pro se*, removed the Fulton County action to this Court by filing her Notice of Removal and IFP Application. Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law. She claims in her Notice of Removal that "Respondent" violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Rule 60 of the Federal Rules of Civil Procedure "having a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6 [sic]," the Due Process Clause of the Fourteenth Amendment, and "12 USC 3752(a) [sic]." (Notice of Removal [1.1] at 2).

## II.   DISCUSSION

### A.   IFP Application

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The purpose is to provide indigent litigants with equal access to the judicial system. Attwood v. Singletary, 105 F.3d 610, 612

---

[2]   The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

(11th Cir. 1997). A litigant seeking to proceed *in forma pauperis* ("IFP") must therefore show an inability to prepay fees and costs without foregoing the basic necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43 (1948).

After consideration of Defendant's IFP Application, the Court finds that Defendant meets the financial requirements for IFP status and grants her request to proceed IFP pursuant to 28 U.S.C. § 1915(a).

B. Subject Matter Jurisdiction

The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Plaintiff's Complaint is a dispossessory warrant which is based solely on state law. No federal question is presented on the face of Plaintiff's Complaint. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal-question jurisdiction.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2). It appears that the parties are both Georgia citizens, and even if diversity did exist, Defendant fails to show that the amount-in-

controversy exceeds $75,000.00.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of property Defendant currently possesses.  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.  See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").  The Court thus lacks subject-matter jurisdiction and this action is required to be remanded to state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). [3,4]

---

[3]   The Court notes that Defendant, on her Civil Cover Sheet but not in her Notice of Removal, indicates that federal jurisdiction in this action is based on Plaintiff's, and Defendant's, status as U.S. Government entities. [1.2].  Defendant has not alleged in her Notice of Removal that she, or Plaintiff, is an officer or agency of the federal government and it appears instead that Plaintiff is a private

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Cynthia Wilder's IFP Application [1] is **GRANTED** solely for the purpose of remand.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County, Georgia.

**SO ORDERED** this 2nd day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

company and Defendant is a private citizen.

[4]  Even if the Court had subject-matter jurisdiction, the Court is unable to grant Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding.